```
LATHAM & WATKINS LLP
   Mark A. Finkelstein (Bar No. 173851)
mark.finkelstein@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: (714) 540-1235
Facsimile:  (714) 755-8290

LATHAM & WATKINS LLP
   Jennifer L. Barry (Bar No. 228066)
jennifer.barry@lw.com
600 West Broadway, Suite 1800
San Diego, California 92101-3375
Telephone: (619) 236-1234
Facsimile:  (619) 696-7419

Attorneys for Plaintiff
OXY-HEALTH, LLC
```

FILED 2009 SEP 25 AM 10:26

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OXY-HEALTH, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SPENCER FELDMAN d/b/a PERFORMANCE HYPERBARICS, INC., an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. **CV09 -6979 AHM (Ex)**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**(1) FALSE ADVERTISING/UNFAIR COMPETITION**<br><br>**(2) TRADEMARK INFRINGEMENT**<br><br>**(3) FALSE DESIGNATION OF ORIGIN**<br><br>**(4) STATE LAW UNFAIR COMPETITION**<br><br>**(5) STATE LAW FALSE ADVERTISING**<br><br>**DEMAND FOR JURY TRIAL** |

For its Complaint, Plaintiff Oxy-Health, LLC ("OxyHealth") alleges as follows:

1.  This is an action for federal false advertising/unfair competition, trademark infringement, and false designation of origin in violation of the Lanham

Act, 15 U.S.C. §§ 1051, *et seq.*; and state law unfair competition, Cal. Bus. & Prof. Code §§ 17200, *et seq.* and false advertising, Cal. Bus. & Prof. Code § 17500, against Spencer Feldman d/b/a Performance Hyperbarics, Inc. ("PHI").

2. OxyHealth hereby seeks: (1) immediate and permanent injunctive relief against PHI from (a) using false and misleading advertisements regarding its mild hyperbaric chamber products and otherwise competing unfairly with OxyHealth, and (b) the unauthorized commercial use of OxyHealth's trademarks to market and advertise PHI's competing products; (2) monetary damages arising out of any such false advertising/unfair competition and unauthorized use of OxyHealth's trademarks; and (3) reimbursement of attorneys' fees and costs for having to bring this suit to enforce its rights.

## JURISDICTION AND VENUE

3. This is a civil action alleging trademark infringement under the Lanham Act, 15 U.S.C. § 1114(a); false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); false advertising/unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); and unfair competition and false advertising under California Business and Professions Code §§ 17200, 17500. Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338, this Court has subject matter jurisdiction over OxyHealth's claims for relief for violation of the federal trademark and false advertising statutes. Pursuant to 28 U.S.C. § 1338(b), this Court has supplemental jurisdiction over OxyHealth's state law claims, in that those claims are joined with substantial and related claims under the Lanham Act. This Court also has supplemental jurisdiction over OxyHealth's state law claims pursuant to 28 U.S.C. § 1367(a), in that all of OxyHealth's claims arise out of a common nucleus of operative facts.

4. This Court has personal jurisdiction over defendant PHI because PHI has sufficient minimum contacts in the State of California to satisfy California's long-arm statute and Constitutional due process requirements as, on information

and belief, PHI markets and sells its products to California consumers, and purchases keyword advertising from Google, which is located in California.

5. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims alleged below occurred in this judicial district.

## PARTIES

6. OxyHealth is a limited liability company duly organized and existing under the laws of the State of California, having its offices in Santa Fe Springs, California.

7. On information and belief, Spencer Feldman is an individual residing in Hawaii, on the island of Maui. On information and belief, Mr. Feldman is doing business as Performance Hyperbarics, Inc., with a business address of 372 Hopalua Drive, Pukalani, Hawaii 96768.

8. OxyHealth is ignorant of the true names of defendants Does 1-10, inclusive, and therefore sues those defendants by such fictitious names. OxyHealth is informed and believes, and on that basis alleges, that defendants Does 1-10, inclusive, are responsible for the acts alleged in this Complaint. When the true names of such fictitious defendants are ascertained, OxyHealth will seek leave of this Court to amend this Complaint to name those individuals or entities.

## BACKGROUND FACTS

### Hyperbaric Oxygen Therapy and Hyperbaric Chambers

9. Hyperbaric oxygen therapy (HBOT) is a method of administering oxygen at greater than atmospheric pressure to a patient to improve or correct certain medical conditions. By increasing the atmospheric pressure, a person's body incorporates more oxygen into their blood cells, than occurs at sea level (or without increased pressure). This increase in the delivery of oxygen can promote the growth of new blood vessels, decrease swelling and inflammation, deactivate toxins, increase the body's ability to fight infections, clear out toxins and metabolic

1 waste products, and improve the rate of healing. HBOT is currently approved by
2 the Food and Drug Administration (FDA) for certain ailments, including high
3 altitude sickness/acute mountain sickness (AMS), carbon monoxide poisoning,
4 crush injuries, and decompression sickness. Physicians also sometimes prescribe
5 HBOT for off-label uses, such as for treating autism in children.

6       10.   Hyperbaric chambers are enclosures that provide for the delivery of
7 HBOT. Hyperbaric chambers are regulated by the FDA, which defines them as "a
8 device that is intended to increase the environmental oxygen pressure to promote
9 the movement of oxygen from the environment to a patient's tissue by means of
10 pressurization that is greater than atmospheric pressure." 21 C.F.R. § 868.5470(a).
11 The FDA has classified hyperbaric chambers as Class II Medical Devices.

12       11.   Hyperbaric chambers come in two general types: mild and high
13 pressure. Mild hyperbaric chambers are usually portable, soft-sided enclosures
14 that provide pressure up to 4 psi and are cleared by the FDA for use in homes,
15 physician offices, and wellness clinics. Mild hyperbaric chambers are only cleared
16 for use in treating oxygen deficiency due to AMS. High pressure hyperbaric
17 chambers are generally large, steel structures that use pressure greater than 4 psi,
18 and can only be used in treatment facilities under the direction of a physician.
19 Both types of chambers require a physician's prescription.

## OxyHealth and Its Products

21       12.   OxyHealth has been marketing and selling mild and high pressure
22 hyperbaric chambers for over ten years, and has sold over 7,000 chambers. The
23 company operates a website at *oxyhealth.com*.

24       13.   OxyHealth offers three mild chamber products. The Solace[210] is a 21
25 inch chamber and is OxyHealth's most popular model. The Respiro[270] is a larger
26 chamber, at 27 inches, and the Vitaeris[320] is the largest model, at 32 inches, which
27 comfortably seats two people. OxyHealth also offers two models of high pressure
28 chambers.

14. OxyHealth owns common law rights in its SOLACE and Solace[210] trademarks, and a federal trademark application, Serial No. 77/769316, for the mark SOLACE 210.

15. OxyHealth owns common law rights and a federal trademark registration for its VITAERIS trademarks. The federal registration, No. 3,514,991, issued on October 14, 2008, for VITAERIS 320, in connection with "a mild portable hyperbaric chamber for medical purposes" in Class 10, with a first use in commerce date of January 2001.

16. OxyHealth owns common law rights in its RESPIRO and Respiro[270] trademarks, and a federal trademark application, Serial No. 77/769315, for the mark RESPIRO 270.

17. OxyHealth owns common law rights in its OXYHEALTH trademark, which it has used in commerce in connection with the marketing and sale of hyperbaric chamber products for over 10 years. OxyHealth also owns a federal trademark application, Serial No. 77/769309, for the mark OXYHEALTH. All of OxyHealth's registered and common law trademarks, as described above, are referred to as the "OxyHealth Marks."

## PHI's Products and Unlawful Conduct

18. PHI markets and sells competing mild hyperbaric chambers, including a single bag chamber that is 36 inches, and a double bag chamber, which is 34 inches. It operates a website at *performance-hyperbarics.com*.

19. To increase sales of its competing mild hyperbaric chambers, PHI engages in a number of activities that constitute false advertising and unfair competition, and that infringe OxyHealth's Marks and create a false designation of origin.

20. First, PHI prominently states on its website and in its marketing materials that its products are FDA approved. For example, on every page of its website, an FDA 510(k) number is displayed. In addition, in the FAQs, in

response to the question "Are you FDA approved?" PHI states that "We received our FDA approval to market chambers November 17 of 2005." PHI's clearance by the FDA, however, is limited to use of the mild hyperbaric chambers for treatment of AMS, and only up to a maximum pressure of 4 psi.

21.  Other portions of PHI's website and marketing materials further mislead customers into believing that the chambers are cleared to treat other ailments, like autism, and that the chambers are cleared at higher pressures (and, indeed, that these higher pressures are desirable and a selling point). For example:

a)  On the Double Bag Chamber webpage, PHI claims that the product is "Tested to over 30 psi," and that "Where legal, this chamber can be outfitted to operate at up to 7 psi." At the bottom of this page, in bold letters, is the statement "Available in the US." Nowhere on this page, however, does PHI make clear that, in the United States, use of mild chambers over 4 psi is not cleared by the FDA, and is not safe unless under the direct supervision of a physician. These statements thus misleadingly imply that the use of mild hyperbaric chambers at higher pressures is desirable, safe and effective, is cleared by the FDA, and is a feature of PHI's products.

b)  On the Oxygen webpage, PHI states that "For countries where oxygen use is approved, our chamber can be easily fitted with a mask for the inhalation of pure oxygen during a session with either an oxygen tank or an oxygen concentrator." At the bottom of this page, in bold letters, is the statement "Available in the US." The FDA, however, has not cleared the use of pure oxygen in conjunction with HBOT, and thus this page misleadingly implies that this type of treatment is available in the United States, and is FDA cleared.

c)  On the Comparison Chart webpage, which previously specifically named OxyHealth's products as the comparison chambers, PHI highlights that its mild chambers have a maximum pressure of ">30 psi" and ">20 psi" while the competitor's products only have "6.25 psi." These comparisons are

1  false. OxyHealth's chambers which, on information and belief, continue to be the
2  "competitor's chamber" on the comparison page, have a much higher maximum
3  pressure, but OxyHealth does not market or advertise its chambers as such, as that
4  would violate FDA regulations. That is, PHI seizes upon OxyHealth's <u>legal</u>
5  marketing to misleadingly claim that PHI's chambers are somehow stronger or can
6  withstand higher pressures than OxyHealth's chambers, when that is not true. In
7  addition, PHI again implies that its chambers are FDA cleared at these high
8  pressures, when in fact its chambers are not cleared for use over 4 psi.
9         d)     On the Download Videos webpage, PHI offers videos featuring
10 autism and brain injuries treatments using HBOT. The presence of these videos on
11 the website, adjacent to a photo of PHI's mild hyperbaric chamber product,
12 misleadingly implies that the chambers are cleared for use in treating these
13 ailments, which they are not.
14     22.    In addition, on information and belief, PHI has purchased some or all
15 of the OxyHealth Marks, or variations of those marks, as keywords in Google's
16 AdWords program, without OxyHealth's consent or authorization. As a result,
17 when a consumer types "oxyhealth" or "vitaeris" as a search term in the Google
18 search engine, the consumer is presented with a list of "sponsored link"
19 advertisements from PHI offering "Portable Hyperbarics" that are "Tested to 30
20 psi" and a link to PHI's website. This unauthorized use of the OxyHealth Marks is
21 likely to confuse, mislead, and/or deceive consumers as to the source of products
22 available on PHI's website.

### FIRST CLAIM FOR RELIEF

### (Lanham Act – False Advertising/Unfair Competition – 15 U.S.C. § 1125(a))

25     23.    OxyHealth incorporates and realleges by this reference Paragraphs 1
26 through 22, inclusive, as though set forth in full herein.
27     24.    PHI's marketing and advertising of its competing mild hyperbaric
28 chamber products constitute false advertising and unfair competition under the

Lanham Act.

25. As detailed above, PHI has made, and continues to make, false and misleading statements and claims about its mild hyperbaric chamber products.

26. This advertising constitutes commercial advertising or promotion within the meaning of the Lanham Act.

27. PHI's false and misleading advertising statements and claims are material in that they are likely to influence consumer purchasing decisions.

28. PHI's false and misleading advertising statements and claims have a tendency to deceive a substantial segment of its audience.

29. PHI has placed these false and misleading advertising statements and claims in interstate commerce.

30. PHI's actions have caused, and unless enjoined will continue to cause, irreparable damage, loss and injury to OxyHealth, for which it has no adequate remedy at law.

31. PHI's actions have caused harm and damage to OxyHealth, and have resulted in an improper financial benefit and gain to them, which amount should be disgorged.

32. On information and belief, PHI has engaged in this activity knowingly, willfully, with actual malice, and in bad faith, justifying the assessment of enhanced damages against it.

33. PHI's acts make this an exceptional case under 15 U.S.C. § 1117(a), and OxyHealth is thus entitled to an award of attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF

**(Lanham Act – Federal Trademark Infringement – 15 U.S.C. § 1114)**

34. OxyHealth incorporates and realleges by this reference Paragraphs 1 through 33, inclusive, as though set forth in full herein.

35. The federally registered VITAERIS 320 trademark is inherently distinctive and has acquired secondary meaning designating OxyHealth as the

source of all goods advertised, marketed, sold, or used in connection with that mark.

36. As described above, PHI is purchasing OxyHealth's registered mark as a keyword from Google and using that mark to market and sell its competing products.

37. OxyHealth has not authorized, licensed, or otherwise given permission to PHI to market and sell its products using OxyHealth's registered trademark.

38. On information and belief, PHI's use of OxyHealth's registered trademark for its competing products is likely to cause confusion or mistake, or to deceive as to source, origin, affiliation, or sponsorship of the products offered for sale, marketed and sold by PHI, and thus constitutes trademark infringement.

39. Unless an injunction is issued enjoining any continuing or future use of OxyHealth's registered mark, such continuing or future use is likely to continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, or sponsorship, and thereby irreparably damage OxyHealth.

40. Pursuant to 15 U.S.C. §1117(a), OxyHealth is entitled to an order: (a) requiring PHI to account to OxyHealth for any and all profits derived by PHI from its actions, to be increased in accordance with the applicable provisions of law; and (b) awarding all damages sustained by OxyHealth caused by PHI.

41. On information and belief, PHI's conduct was intentional and without foundation in law, and pursuant to 15 U.S.C. § 1117(a), OxyHealth is therefore entitled to an award of treble damages against PHI.

42. PHI's acts make this an exceptional case under 15 U.S.C. § 1117(a), and OxyHealth is thus entitled to an award of attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
### (Lanham Act – False Designation of Origin – 15 U.S.C. § 1125(a))

43. OxyHealth incorporates and realleges by this reference Paragraphs 1

1  through 42, inclusive, as though set forth in full herein.

2  44.   The OxyHealth Marks are inherently distinctive. In addition, by virtue of OxyHealth's longstanding use of these marks in connection with its mild hyperbaric chamber products, and its extensive marketing, advertising, promotion, and sale of goods and services under those marks, the OxyHealth Marks have acquired secondary meaning, whereby the consuming public associates those marks with a single source of goods and/or services.

45.   On information and belief, PHI is purchasing at least some of the OxyHealth Marks as keywords from Google and using those marks to market and sell its competing products. Through this use of the OxyHealth Marks as search keywords to promote its own competing products, PHI intended to, and did in fact, confuse and mislead consumers, and did misrepresent and create the false impression that OxyHealth somehow authorized, originated, sponsored, approved, licensed, or participated in PHI's use of the OxyHealth Marks.

46.   In fact, there is no connection or association or licensing relationship between OxyHealth and PHI, nor has OxyHealth ever authorized, licensed, or otherwise given permission to PHI to use any of the OxyHealth Marks.

47.   Thus, on information and belief, PHI has created and will create a false representation concerning an association or connection between OxyHealth and PHI, has created and will continue to create a false designation of the origin of PHI's goods and services, and has created and will continue to create confusion as to a connection between the parties.

48.   As a direct and proximate result of PHI's creation of a false representation of association between OxyHealth and PHI, and PHI's creation of a false designation of the origin of its goods and services, OxyHealth has been damaged and will continue to be damaged.

49.   PHI's activities have caused and will cause irreparable harm to OxyHealth for which it has no adequate remedy at law, in that (i) the OxyHealth

Marks are a unique and valuable property right that has no readily determinable market value; (ii) PHI's infringement constitutes an interference with OxyHealth's goodwill and customer relationships and will substantially harm OxyHealth's reputation as a source of high quality goods as well as dilute the substantial value of OxyHealth's name and trademarks; and (iii) PHI's wrongful conduct, and the damages resulting to OxyHealth, are continuing. Accordingly, OxyHealth is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a).

50. Pursuant to 15 U.S.C. §1117(a), OxyHealth is entitled to an order: (a) requiring PHI to account to OxyHealth for any and all profits derived by PHI from its actions, to be increased in accordance with the applicable provisions of law; and (b) awarding all damages sustained by OxyHealth caused by PHI.

51. On information and belief, PHI's conduct was intentional and without foundation in law, and pursuant to 15 U.S.C. § 1117(a), OxyHealth is as a result entitled to an award of treble damages against PHI.

52. PHI's acts make this an exceptional case under 15 U.S.C. § 1117(a), and OxyHealth is thus entitled to an award of attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF

**(Unfair Competition – Cal. Business & Professions Code §§ 17200, *et seq.*)**

53. OxyHealth incorporates and realleges by this reference Paragraphs 1 through 52, inclusive, as though set forth in full herein.

54. PHI's acts, as described above, constitute unlawful, unfair, and fraudulent business practices pursuant to California Business & Professions Code §§ 17200, *et seq.*

55. OxyHealth has been damaged and will continue to be damaged by PHI's unlawful, unfair, and fraudulent business practices as described above. Accordingly, OxyHealth is entitled to an injunction prohibiting PHI from continuing the practices described above, and restitution of all amounts acquired

by PHI by means of such wrongful acts.

## FIFTH CLAIM FOR RELIEF

### (False Advertising – Cal. Business & Professions Code § 17500)

56. OxyHealth incorporates and realleges by this reference Paragraphs 1 through 55, inclusive, as though set forth in full herein.

57. PHI's acts, as described above, constitute false and misleading advertising pursuant to California Business & Professions Code § 17500.

58. OxyHealth has been damaged and will continue to be damaged by PHI's false and misleading advertising as described above. Accordingly, OxyHealth is entitled to an injunction prohibiting PHI from continuing the practices described above, and restitution of all amounts acquired by PHI by means of such wrongful acts.

## PRAYER FOR RELIEF

WHEREFORE, OxyHealth prays for relief as follows:

A.  For a preliminary and permanent injunction ordering PHI, and its officers, agents, servants, employees, and attorneys, and those persons acting in concert or participating with it, who receive actual notice of the injunction order by personal or other service, to:

   1. refrain from making false and/or misleading advertising claims and statements about its hyperbaric chamber products;

   2. refrain from infringing OxyHealth's rights in the OxyHealth Marks through use of those marks as search keywords to promote, market, sell, and/or distribute competing goods;

   3. refrain from using any false designation of origin, including the use of the OxyHealth Marks, that can, or is likely to, lead the consuming public, or individual members thereof, to believe that any products produced, promoted, marketed, advertised, provided, or sold by PHI are in any manner associated or connected with OxyHealth, or are licensed, approved, or authorized in any way by

OxyHealth; and

   4. unfairly competing with OxyHealth in any manner whatsoever, or engaging in any unfair, fraudulent, or deceptive business practices that relate in any way to the use of the marketing and advertising of PHI's mild hyperbaric chamber products.

  B. For an order directing PHI to file with the Court and serve upon OxyHealth's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which PHI has complied with the injunction.

  C. For an order finding that, by the acts complained of herein, PHI has engaged in false advertising and unfair competition in violation of 15 U.S.C. § 1125(a).

  D. For an order finding that, by the acts complained of herein, PHI has infringed OxyHealth's federally registered trademark in violation of 15 U.S.C. § 1114.

  E. For an order finding that, by the acts complained of herein, PHI has created a false designation of origin in violation of 15 U.S.C. § 1125(a).

  F. For an order finding that, by the acts complained of herein, PHI has engaged in unfair competition and acts of unfair and deceptive business practices in violation of California Business & Professions Code § 17200.

  G. For an order finding that, by the acts complained of herein, PHI has engaged in false and misleading advertising in violation of California Business & Professions Code § 17500.

  H. For an order pursuant to 15 U.S.C. § 1117(a) compelling PHI to account to OxyHealth for any and all profits derived by it from its unlawful and infringing conduct.

  I. For an order that PHI must pay and provide for appropriate corrective advertisements.

J.  For an order awarding OxyHealth general and/or specific damages, in an amount to be fixed by the Court in accordance with proof, but in excess of the jurisdictional limits of the Court, as well as all of PHI's profits or gains of any kind from its acts of false advertising, trademark infringement, and false designation of origin; and further for an order that such acts were willful and wanton, thereby justifying an award of treble or enhanced or exemplary damages.

K.  For an order that this be deemed an exceptional case and that OxyHealth recover from PHI all of OxyHealth's attorneys' fees, costs, disbursements and other expenses incurred due to PHI's illegal actions.

L.  For an order awarding OxyHealth pre-judgment interest.

M.  For an order awarding OxyHealth such other and further relief as the Court may deem just and proper.

Dated: September 24, 2009

LATHAM & WATKINS LLP

By: _____
Mark A. Finkelstein

Attorneys for Plaintiff
OXY-HEALTH, LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure and by the Local Rules of this Court.

Dated: September 24, 2009

LATHAM & WATKINS LLP

By: _____
Mark A. Finkelstein

Attorneys for Plaintiff
OXY-HEALTH, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

**CV09- 6979 AHM (Ex)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| OXY-HEALTH, LLC, a California limited liability company,<br><br>PLAINTIFF(S)<br><br>V.<br><br>SPENCER FELDMAN d/b/a PERFORMANCE HYPERBARICS, INC., an individual, and DOES 1 through 10, inclusive,<br>DEFENDANT(S). | CASE NUMBER<br><br>**CV09 -6979 AHM (Ex)**<br><br>**SUMMONS** |
|---|---|

TO:    DEFENDANT(S): _____

A lawsuit has been filed against you.

Within  20  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Mark A. Finkelstein , whose address is Latham & Watkins LLP, 650 Town Center Dr., 20th FL, Costa Mesa, CA 92626 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  SEP 2 5 2009

By: _____DODJIE GARGANTOS_____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*